## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| KINETIC CONCEPTS, INC., ET AL., § | |
| § | |
| vs. § | CASE NO. 2:07-CV-187 |
| § | |
| MEDELA AG, ET AL. § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Medela's motion (#9) to transfer venue to the Western District of Texas–San Antonio Division.[1] In this case, the plaintiffs (collectively referred to as "Kinetic Concepts") have accused the defendants of infringing U.S. Patent No. 7,216,651, which is directed to wound care therapies. For the reasons discussed below, the court grants Medela's motion (#9) to transfer, and orders the clerk to transfer this case to the Western District of Texas–San Antonio Division.

### 1.   Factual Background and Procedural History

This action is the second patent infringement lawsuit between the above-captioned parties that pertains to wound care therapy.[2] The first lawsuit was filed on August 28, 2003, in the Western District of Texas–San Antonio Division, and was assigned to the Honorable Royal Ferguson, United States District Judge for the Western District of Texas–San Antonio Division. In the first lawsuit,

---

[1] Medela, Inc. is the only defendant requesting transfer. Medela AG has separately filed a motion to dismiss for lack of personal jurisdiction. *See* Dkt. No. 10.

[2] The first lawsuit also included BlueSky Medical and two other defendants, each of whom is not party to this action. Although BlueSky Medical is not party to this action, it is a defendant in a companion case brought by Kinetic Concepts in this district for infringement of the '651 patent. *See Kinetic Concepts, Inc. v. BlueSky Medical Group, Inc.*, No. 2:07-CV-188 (E.D. Tex. filed May 15, 2007).

the plaintiffs accused BlueSky Medical's Versatile 1 System of infringing U.S. Patent Nos. 5,636,643, 5,645,081, and 4,969,880.[3] Medela was a defendant in that case because it supplied the Vario 18 suction pump to BlueSky Medical for use in the Versatile 1 System.  In the first trial, Judge Ferguson engaged in substantial pretrial activity that included presiding over two separate *Markman* hearings.  On August 2, 2006, at the end of a twenty-two day trial, the jury in the first lawsuit found the plaintiffs' patents valid and not infringed by the defendants. Judge Ferguson entered final judgment in the first lawsuit on August 29, 2006, and all parties thereafter filed appeals to the Federal Circuit.

On May 15, 2007, which is the day the '651 patent issued, the plaintiffs filed the present action.  The '651 patent is a continuation of the application that issued as the '643 patent, and is a continuation-in-part of the application that issued as the '081 patent.  In the instant action, the plaintiffs accuse Medela's Invia Healing System, which is similar technology to the Versatile 1 System, of infringing the '651 patent. *See, e.g.*, Plaintiffs' Response at 8.  The Invia Healing System is a new product for Medela, and as of the filing of this motion, no sales of the accused device have been made by the defendants in this district. *See id.* at 11.

On May 22, 2007, Medela filed a declaratory judgment action on the '651 patent in the Western District of Texas–San Antonio Division.[4]  On July 10, 2007, Medela filed the instant motion, and it is now ripe for review.

---

[3] The first lawsuit proceeded to trial on only the '643 and '081 patents.

[4] This action was assigned to Judge Ferguson, who stayed the case pending resolution of the instant motion by this court. *Medela, Inc. v. Kinetic Concepts, Inc.*, No. SA-07-CA-0449 (W.D. Tex. Oct. 11, 2007)

2

**2.      Discussion**

When faced with a motion to transfer venue, the court must first determine whether the proposed transferee forum would have been a court of proper venue. *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003). Here, the parties concede that the Western District of Texas is a court of proper venue.

Having established that the Western District of Texas is a venue in which the case might have been brought, the court now turns to the merits of the motion to transfer. The plaintiffs' choice of forum is entitled to deference. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). In light of that deference, the court must consider the various private and public interest factors to determine whether a transfer is warranted. *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947). Here, the court is satisfied that the defendants have carried their burden to show that the court should transfer venue.

Although the private interest factors in this case are neutral, the public interest factors overwhelmingly favor a transfer. The plaintiffs filed a prior suit based on closely related patents against Medela in the Western District of Texas, and that case was assigned to Judge Ferguson. The accused technology in the instant suit is similar to the accused technology in the previous suit. *See, e.g.*, Plaintiffs' Response at 8. The patent-in-suit shares a written description with a patent at issue in the previous litigation between the parties. Judge Ferguson has substantial experience with these parties, and has invested time and effort in learning the technology at issue in the case. Judicial economy therefore supports the transfer of this action as well.

**3.      Conclusion**

In light of the above discussion, the court grants Medela's motion (#9) to transfer, and orders the clerk to transfer this case to the Western District of Texas–San Antonio Division.

SIGNED this 9th day of January, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE